**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**


**RICHARD C. RAINWATER**
**AND ANNA D. RAINWATER**                                          **PLAINTIFFS**

**VERSUS**                                **CIVIL ACTION NO.: 2:01-CV-179-KS-JMR**

**CONSECO LIFE INSURANCE COMPANY**
**f/k/a LAMAR LIFE INSURANCE COMPANY**                     **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#89]** filed on

behalf of the defendant.  The court, having reviewed the motion, the response, the

pleadings and exhibits on file, the briefs of counsel and being fully advised in the

premises finds that the motion should be granted.


## PROCEDURAL HISTORY

The instant action was filed on May 25, 2001, in the Chancery Court of the

Second Judicial District of Jones County, Mississippi.  The defendants removed the

case to this court on June 22, 2001.  The plaintiffs filed a motion to remand on July 17,

2001.  Remand-related discovery was conducted, and this court made its initial ruling

on the motion to remand on June 28, 2002.  The court expressed doubts that the

statute of limitations had been tolled, but nonetheless granted the plaintiffs' motion to

remand.

Conseco subsequently filed a motion to alter or amend this court's remand order by denying the remand motion outright, by denying the remand motion and certifying an appeal to the United States Court of Appeals for the Fifth Circuit, or by staying the case pending the outcome of an interlocutory appeal in a similar lawsuit.  Oral arguments on this motion were held on October 30, 2002, with the court entering its order on the motion on February 14, 2003.

The motion to alter or amend was granted, and the motion to remand was denied outright. This order was certified for immediate appeal pursuant to 28 U.S.C. § 1292(b), and the United States Court of Appeals for the Fifth Circuit granted the plaintiffs' Petition for Permission to Appeal the order on March 27, 2003.

After briefing had been completed at the appellate level, the Fifth Circuit addressed the case of *Smallwood v. Illinois Central R. Co.*, 385 F.3d 568 (5th Cir. 2004), *cert. den.* ___ U.S. ___, 125 S.Ct. 1825 161 L.Ed.2d 755 (2005), which dealt with issues related to improper joinder of defendants to defeat diversity jurisdiction. In light of the *Smallwood* ruling, the Fifth Circuit chose to remand this case for a determination of whether or not a common defense similar to that raised in *Smallwood* existed in this case.  *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir. 2004).

On remand from the Fifth Circuit, this court dismissed the individual agent defendants, Thomas Stroo and James Payton, based on the statute of limitations and denied the plaintiffs' motion to remand on June 24, 2005.  On September 14, 2005, the plaintiffs filed their Amended Complaint alleging breach of contract claims against Conseco.  The discovery deadline in this matter expired on February 15, 2006.  The plaintiffs did not submit any written discovery to Conseco nor notice any depositions

during the discovery time allowed.  Conseco filed the present motion after the close of discovery.

## CLAIMS OF THE PARTIES

According to the allegations of the Amended Complaint, between 1982 and 1990, Plaintiffs Richard and Anna Rainwater purchased numerous life insurance policies from Lamar Life.[1]  The Amended Complaint contains claims centered around alleged breaches of these policies.  The plaintiffs contend Conseco breached their life insurance policies by promulgating an automatic policy exchange in which the Rainwaters transferred the cash value of their then existing policies to new Universal Life policies which offered the opportunity to earn a higher interest rate on their cash value.  Plaintiffs allege the insurance policies were breached by reason of 1) the new policies failed to provide the interest rates as provided; and, 2) further breaches occurred by the addition of surrender charges, commissions, expenses, and other charges.

The defendant argues that discovery has revealed that the plaintiffs' claims suffer from fatal legal flaws, specifically that all of the plaintiffs' legal claims are barred by Mississippi contract law in that the plaintiffs were under a duty to read their policies which would have disclosed the unambiguous terms and provisions of the contracts. Further, the defendant asserts that the undisputed facts of the plaintiffs' case provide an insufficient basis for the claims plaintiffs have chosen to pursue against Conseco.

---

[1]  Conseco Life became the successor entity to Lamar Life in December 1998.

## FACTUAL BACKGROUND

The undisputed facts reveal that during the period from 1982 through 1986, the plaintiffs purchased five universal life insurance policies from Lamar Life, one of which was replaced by another policy during the same period.  During their remand-related depositions the Rainwaters testified they did not have any claims arising out of the sale of any of these five policies.  However, the plaintiffs' Amended Complaint contains allegations of breach of contract by Conseco and focuses on the replacement of the previously existing policies with "updated policies" in 1989 and 1990.  Thus, all of the events on which this action is based occurred more than ten years before the plaintiffs filed their original Complaint on May 25, 2001.

The plaintiffs' Amended Complaint also contains several  vague allegations of fraud and fraudulent concealment on the part of original defendants Stroo and Payton as well as against Conseco.  However the claims against Stroo and Payton are no longer before the court due to their prior dismissal.  The plaintiffs' Amended Complaint effectively limits the plaintiffs' claims to breach of contract by Conseco.

Sometime in early 1989, Richard Rainwater had received a letter from Lamar Life which stated he could exchange his existing policies for newer policies which paid a higher interest rate.  Stroo and Payton, who were both independent insurance agents at the time, met with the plaintiffs in December 1989 to discuss updating the plaintiffs' then current policies to newer policies.  The letter the Rainwaters received explained that the new policies contained a cash value surrender charge which, according to Lamar Life, allowed the company to credit a higher interest rate to the policyholder's

cash value. After meeting with Stroo and Payton, the Rainwaters elected to exchange some of their then existing policies.  Other policies were exchanged in August 1990 for newer policies.

According the to the plaintiffs, they were told that the interest rate return on their "investments" in these policies would increase from 8.25% to 9.25% if they accepted the new policies.  They contend that the defendant breached the contracts when it did not in fact provide this rate of return.  They also assert that the new policies added the surrender charges, and additional commissions and expenses.

However, as part of the exchange process, the plaintiffs' signed a form entitled "Acceptance of Automatic Policy Exchange" for each of the policies.  The form, provided by the company, expressly requested that Lamar Life transfer the cash value of the old policies to new policies and states in plain and unambiguous language that the new policies were subject to a surrender charge if the policy is terminated within the first fifteen years.  The policies themselves provided unambiguously that they were only subject to a minimum rate of return of 4.5% with no guarantee above that.

It is also undisputed that the plaintiffs received annual statements for each of the policies which showed the interest rates, cash surrender value and death benefits accrued during the previous policy year.  It is also undisputed that the plaintiffs received policy illustrations prior to the exchange of the policies which showed the guaranteed minimum rate of 4.5% and a projected rate of 9.25%.  The illustrations provided that the current interest rates and the cost of insurance could change and affect all projections.

As stated previously, the plaintiffs' Amended Complaint alleges only breach of contract; specifically that Conseco breached its updated or new insurance policies in

that 1) the new policies failed to provide the interest rates as provided; and 2) that breaches occurred by the addition of surrender charges, commissions, expenses, and other charges.  The plaintiffs also contend that the new policies were breached by claiming the benefits offered by them were superior to those of the old policies, thus the plaintiffs lost the benefit of the bargain.  The defendant asserts that none of these claims can survive summary judgment as a matter of law.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation

7

to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## BREACH OF CONTRACT CLAIMS

As the Mississippi Supreme Court has held, "[i]n any suit for a breach of contract, the plaintiff has the burden of proving by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it; and 3. that he has been thereby damaged monetarily." *Warwick v. Matheney*, 603 So.2d 330, 336 (Miss. 1992). There is no dispute that the insurance policies were valid and binding contracts. Thus, to defeat summary judgment, the plaintiffs must offer proof that would be admissible at trial that creates a genuine issue of material fact that Conseco has breached the contract[s] and that they were damaged thereby.

Mississippi case law provides that "insureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy." *Stephens v. Equitable Life Assur. Society of U.S.*, 850 So.2d 78, 83 (Miss. 2003)(*citing Cherry v. Anthony*, 501 So.2d 416, 419 (Miss.1987)). Indeed, "[i]n Mississippi, a person is charged with knowing the contents of any document that he executes." *Massey v. Tingle*, 867 So.2d 235, 240 (Miss.2004)(*quoting Russell v. Performance Toyota, Inc.*, 826 So.2d 719, 726 (Miss.2002)*(citing J.R. Watkins Co. v. Runnels*, 252 Miss. 87, 96, 172 So.2d 567, 571 (1965)).

The plaintiffs do not offer any evidence of specific breaches by Conseco. They only offer conclusory statements not supported by record evidence that Conseco did not pay the interest rates they contracted for, and charged surrender costs and

additional commissions and expenses.  However, the unambiguous language of the

policies themselves proves fatal to the plaintiffs' contentions.

      As pointed out above, the policies provide that the only guaranteed rate of return

is 4.5%.  There is no allegation that Conseco did not provide this rate of return.

Further, the policies provided a detailed explanation of the fees, commissions and

expenses chargeable to each contract.  The plaintiffs acknowledge that they had copies

of the policies.  Regardless of whether they did or not, they signed the contracts and

are bound by the contents thereof.  Beyond the contracts themselves, the plaintiffs

were provided illustrations and annual summaries indicating the current and projected

performance of the policies and actually met with the company agents over the years to

review these.

## CONCLUSION

      It is incumbent upon the plaintiffs to offer proof that there is a triable issue of fact.

This they have failed to do.  This court's duty is clear "where parties negotiate and enter

a contract at arm's length, [it] will enforce clear, unambiguous provisions exactly as

written."  *United States Fidelity & Guar. Co. v. Knight*, 882 So.2d 85, 92 (Miss. 2004).

The defendant is entitled to summary judgment.

      IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for

Summary Judgment **[#89]** is Granted, and the plaintiffs' complaint is dismissed with

prejudice.

      IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions are

dismissed as moot.  A separate judgment in accordance with Rule 58, Fed.R.Civ.P. will

be entered herein.

      SO ORDERED AND ADJUDGED this the 5th day of May, 2006.

                s/ *Keith Starrett*
                UNITED STATES DISTRICT JUDGE